Filed 5/12/21  P. v. De La Paz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072204 |
| v. | (Super. Ct. No. FVI17000400) |
| ALEXANDER DE LA PAZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Camber, Judge.  Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

1

I.

INTRODUCTION

While driving under the influence, defendant and appellant Alexander De La Paz collided with another vehicle, killing the driver, A.B., injuring his wife, B.V.B., and mother-in-law, M.A., and killing his and his wife's fetus. Defendant was charged and convicted of several offenses and was sentenced to six years plus an indeterminate term of 30 years to life.

At the scene of the accident and later at the hospital, defendant told law enforcement he had drunk beer before the accident. Over his objection, the trial court admitted defendant's statements into evidence. Defendant contends the trial court erroneously did so in violation of *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*). We find no prejudicial error and affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A.B. was driving around 1:45 a.m. with his wife, B.V.B., who was seven months pregnant, in the passenger seat and his mother-in-law, M.A., in the backseat. He approached a "T" intersection where the street he was driving on did not have a red light or a stop sign, but the other street had a stop sign. As A.B. entered the intersection, a Hyundai on the other street ran the stop sign and crashed into his car at a 90-degree angle.

According to an eyewitness, the Hyundai was driving "way too fast" and went through the stop sign "just like a rocket." After the accident, the eyewitness saw defendant in the driver's seat of the Hyundai. Defendant got out of his car and stood next to it until law enforcement arrived.

Deputy Vincente Quiroz arrived shortly after the accident. According to Deputy Quiroz, defendant was being evasive and would not make eye contact. Deputy Quiroz asked defendant if he was driving the Hyundai and if he needed medical attention. Defendant mumbled inaudibly, and Deputy Quiroz could not tell if he was speaking English or Spanish. Defendant was pale and sweaty, had difficulty standing upright, and smelled of alcohol.

Deputy Quiroz escorted defendant to his patrol car. Defendant could not stand upright or maintain his balance, and leaned on the patrol car several times before getting in to the backseat. When Deputy Quiroz asked defendant if he had drunk any alcoholic beverages, defendant responded, "Tree [three] Bud Lights." Paramedics responded and took defendant to the hospital.

About an hour later, Deputy Gustavo Garcia visited defendant at the hospital at Deputy Quiroz's request. Defendant was sitting in a wheelchair in a hallway between two sections of the emergency room. According to Deputy Garcia, defendant was "really flushed," had watery and bloodshot eyes, slurred speech, and smelled of alcohol.

Deputy Garcia asked defendant what had happened. He asked defendant to draw the route he had driven, but defendant could not do so. He asked defendant if he had drunk any alcohol that day, and defendant said he drank two beers. Deputy Garcia performed a horizontal nystagmus test on defendant. In Deputy Garcia's view, the results were consistent with defendant's being under the influence of alcohol.

Defendant refused a blood draw, so Deputy Garcia asked a colleague to prepare a search warrant. After receiving a search warrant, Deputy Alejandro Ramos went to the hospital and took a sample of defendant's blood around 5:30 a.m. Like the other deputies, Deputy Ramos believed defendant was drunk because he had bloodshot watery eyes, a flushed face, slurred speech, and smelled of alcohol. Defendant's blood sample revealed a blood alcohol content of .22 percent, which is consistent with consuming almost eight standard alcoholic beverages.

Before trial, the People moved to admit defendant's statements to Deputy Quiroz and Deputy Garcia that he had drunk beer before the accident. Defendant moved to exclude the statements as inadmissible, arguing that the deputies obtained them in violation of his *Miranda* rights. The trial court disagreed and admitted his statements.

A jury convicted defendant of murder (Pen. Code, § 187, subd. (a); count 1),[1] murdering a fetus (§ 187, subd. (a); count 2), gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a); count 3), driving a vehicle while under the influence of

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

4

alcohol with a prior conviction, causing injury to B.V.B. (Veh. Code, §§ 23153, subd. (a), 23550.5, subd. (a), 23558, 23560, 23566; count 4), driving with a .08 percent blood alcohol content with a prior conviction, causing injury to the victim injury to B.V.B. (Veh. Code, §§ 23153, subd. (b), 23550.5, subd. (a), 23558, 23560, 23566; count 5), driving a vehicle while under the influence of alcohol with a prior conviction, causing injury to M.A. (Veh. Code, §§ 23153, subd. (a), 23550.5, subd. (a), 23558, 23560, 23566; count 6), and driving with a .08% blood alcohol content with a prior conviction, causing injury to M.A. (Veh. Code, §§ 23153, subd. (b), 23550.5, subd. (a), 23558, 23560, 23566; count 7). The jury also found true that defendant inflicted great bodily injury (§ 12022.7, subd. (a)) with respect to counts 4 and 5.

III.

DISCUSSION

Defendant's sole argument on appeal is that the trial court erred in admitting his statements to Deputy Quiroz and Deputy Garcia that he drank beer before the accident in violation of his *Miranda* rights.

When evidence is admitted in violation of *Miranda*, we must reverse the defendant's conviction unless the error was harmless beyond a reasonable doubt. (*People v. Cunningham* (2001) 25 Cal.4th 926, 994.) We need not decide whether defendant's statements to Deputy Quiroz and Deputy Garcia that he had drunk beer before the accident were improperly admitted because his statements were "cumulative to other, stronger evidence establishing" the fact that defendant was driving while intoxicated.

5

(*People v. Thomas* (2011) 51 Cal.4th 449, 498; see *People v. Young* (2019) 7 Cal.5th 905, 926 ["[W]hether this or any other part of the exchange preceding the giving of *Miranda* warnings affected the voluntariness of defendant's later, postwarning statement—is an issue we need not decide because any error in introducing the challenged statement would be harmless"].)

The evidence that defendant was driving while intoxicated was overwhelming. An eye witness described defendant as driving "way too fast" and speeding through a stop sign "like a rocket." When Deputy Quiroz arrived at the scene, defendant exhibited several signs of intoxication: his speech was slurred, he had difficulty maintaining his balance, and he smelled of alcohol. When Deputy Garcia spoke with defendant at the hospital about an hour later, he observed the same signs of intoxication. Deputy Garcia also noted that defendant was "really flushed" and had bloodshot watery eyes, which were additional signs of intoxication. The horizontal nystagmus test Deputy Garcia performed on defendant also suggested that defendant was intoxicated. Finally, defendant's blood alcohol content several hours after the accident was .22 percent, which was consistent with defendant having drunk almost eight alcoholic beverages.

Given the overwhelming evidence that defendant was driving under the influence when he caused the accident, any error in admitting his statements to Deputy Quiroz and Deputy Garcia that he had drunk beer before the accident was harmless beyond a reasonable doubt.

6

Defendant contends the error was not harmless because without his "self-incriminatory statements" there was reasonable doubt whether he acted with conscious disregard for life, as charged in counts 1 and 2.  (See *People v. Watson* (1981) 30 Cal.3d 290.)  We disagree.  Defendant's blood alcohol content almost four hours after the accident was .22 percent, nearly three times the legal limit.  The evidence that he drank excessively, consciously drove, and caused an accident that killed A.B. and B.V.B.'s fetus was thus overwhelming.  Any *Miranda* violation was harmless beyond a reasonable doubt.

## IV.

## CONCLUSION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
                                                                    J.

We concur:

McKINSTER
            Acting P. J.

FIELDS
            J.